UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FIDEL ALTAMIRANO, on behalf of himself and others similarly situated,

    Plaintiff,

v.

SHAW INDUSTRIES, INC., SHAW INDUSTRIES GROUP, INC., and DOES 1 to 100, inclusive,

    Defendant(s).
_____/

No. C-13-0939 EMC

**ORDER RE SUPPLEMENTAL INFORMATION IN SUPPORT OF MOTION TO REMAND**

    Plaintiff in this putative class action has filed a motion to remand this case to state court, arguing that Defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, as is required to establish federal jurisdiction under the Class Action Fairness Act ("CAFA"). Defendants bear the burden of demonstrating this jurisdictional amount by a preponderance of the evidence. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir.2006). Defendants oppose, providing estimates of the amount in controversy in Plaintiff's claims. Defendants' calculations are supported in some places by allegations made in the complaint, or by a declaration submitted with Defendants' opposition, but in other places are based on estimates with no discernable basis.

    In order to provide Defendants' with the opportunity to provide additional information to support the reasonableness of the estimated amount in controversy, this Court will continue the hearing on this motion from May 7, 2013 to May 16, 2013. This Court in particular notes that the

following information would be both useful in accurately calculating the amount in controversy and non-inclupatory:

- The number of non-exempt employees working for Defendants during each of the relevant periods of time (e.g. within the limitations period for the various claims).
- The average number of weeks per year that Defendants' non-exempt employees worked for each of the relevant time periods.
- How many non-exempt employees left employment with Defendants during the relevant period.
- The average wage for non-exempt employees during the relevant period of time.
- The total number of ten hour shifts worked by non-exempt employees during the relevant period of time.

Defendants are therefore **ORDERED** to submit any supplemental information in support of their opposition by May 7, 2013. Plaintiff may file any response to the supplemental information by May 10, 2013.

IT IS SO ORDERED.

Dated: April 29, 2013

_____
EDWARD M. CHEN
United States District Judge